IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSICA E. DEWITT,             *

    Plaintiff,             *

v.                             *     Civil Action No.: RDB-16-1705

                              *

CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.,                *

    Defendant.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Jessica E. Dewitt ("Dewitt" or "Plaintiff") has filed a one-count Complaint against defendant Clean Harbors Environmental Services, Inc. ("Clean Harbors" or "Defendant") for "unlawful employment practices based on sex and retaliation" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Compl., ECF No. at ¶ 1.) Specifically, Plaintiff alleges that Clean Harbors terminated her employment because of her gender and maintained a discriminatory and hostile work environment.[1] (*Id.*)

Now pending before this Court is Clean Harbors' Motion for Summary Judgment ("Defendant's Motion"). (ECF No. 16.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below,

---

[1] While the Complaint makes passing references to retaliation and race discrimination, it contains no factual allegations in support thereof other than noting that she is an African-American female. (Compl., ECF No. 1. at ¶ 1, 12.) In addition, Plaintiff has not produced any evidence of either retaliation or race discrimination in her opposition the Clean Harbors' Motion.

1

Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED, and summary judgment will be ENTERED in favor of Defendant on the one-Count complaint.

## BACKGROUND

In ruling on a Motion for Summary Judgment, this Court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

On September 1, 2011, Clean Harbors hired Dewitt for a job removing hazardous materials from various government, business, and industrial sites where the company contracted to perform such work. (Compl., ECF No. 1 at ¶ 4, 7.) Dewitt's supervisor, Derrick Josey ("Josey"), informed Dewitt of her work obligations, which included reporting to work at 7:00 AM. (Def.'s Ex. B, ECF No. 16-3 at ¶ 3.) Several months after Dewitt began working at Clean Harbors, her husband moved to Honduras, leaving her to raise their two-year-old daughter on her own. (Compl., ECF No. 1 at ¶¶ 8, 12.) Dewitt continued to work at Clean Harbors, but frequently reported late or was absent. (*Id.* at ¶¶ 7); Def.'s Ex. A, ECF No. 16-2 at p. 19; Def.'s Ex. C, ECF No. 16-3 at p. 6.) The record reflects more than twenty (20) instances where Dewitt was either late to work or failed to appear at all. (Def.'s Ex. B, ECF No. 16-3 at ¶ 5.) Josey spoke with Dewitt on several occasions about her performance, and Clean Harbors recorded four formal disciplinary actions documenting Dewitt's tardiness and absences. (*Id.* at ¶¶ 5-6.)

On October 10, 2012, Dewitt received a "Last Chance Notification" from Clean Harbors notifying her that she would be terminated if her attendance did not improve.[2]

---

[2] While Clean Harbors apparently gave Dewitt this notice as part of its regular personnel practices, there is no

(Def.'s Ex. 5-F, ECF No. 16-3.) Nevertheless, on October 23, 2012, Dewitt again appeared late to work—failing to arrive fifty (50) minutes after her schedule start time. (Def.'s Ex. 5G, ECF No. 16-2.; Def.'s Ex. A, ECF No. 16-2 at p. 100.) Having already provided Dewitt with the Last Chance Notice, Clean Harbors terminated Dewitt on October 24, 2012. (Def.'s Ex. 5G, ECF No. 16-2; Def.'s Ex. A, ECF No. 16-2 at p. 19.)

On April 25, 2013, Dewitt filed a Charge of Discrimination before the United States Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination based on sex. (Def.'s Ex. D, ECF No. 16-5 at p. 2.) On February 29, 2016, the EEOC issued a Notice of Right to Sue.[3] (*Id.*) Dewitt filed the instant case before this Court on May 27, 2016. (Compl., ECF No. 1 at ¶ 1.)

In the Complaint, Dewitt alleges that she was terminated because of discrimination based on sex and that she was treated less favorably than the male employees at Clean Harbors. (Compl., ECF No. 1 at ¶¶ 1, 7-21.) Specifically, she asserts that she was reprimanded by her supervisors while her male co-workers with similar tardiness and attendance issues were not disciplined. (*Id.* at ¶ 14.) Dewitt points to a single event, where she was reprimanded for not attending a voluntary Hazardous Household Waste event, while her male co-workers were not similarly disciplined. (*Id.* at ¶ 16.) Additionally, Dewitt alleges that Clean Harbors arranged to provide her male co-workers Hepatitis B vaccinations, while they ignored her requests for such a vaccination. (*Id.* at 15.)

---

indication that Dewitt was not an "at will" employee, subject to termination at any time.

[3] However, EEOC chose not to bring suit against Clean Harbors. (*Id.*)

Dewitt also alleges that Clean Harbors maintained a discriminatory and hostile work environment. (*Id.* at ¶ 1.) Specifically, she alleges that prior to the start of her employment, Dan Brooks ("Brooks"), a Clean Harbors employee, programmed the parking lot gate code as "24824*", which she asserts is a coded way of expressing the degrading phrase "bitch*." (*Id.* at 17; Def.'s Ex. C, ECF No. 16-4 at ¶ 9; Def.'s Ex. A, at p. 120-22, 125.) Plaintiff also alleges that her fellow employees treated her with indifference and hostility, never referring to her by her name. (*Id.* at 11.) Finally, she alleges that a Clean Harbors employee refused to drive a company vehicle with her as a passenger. (*Id.* at ¶ 18.)

The parties completed discovery on January 6, 2017. Defendant filed its Motion for Summary Judgment (ECF No. 16) consistent with this court's Scheduling Order, and the Motion is fully ripe for this court's resolution.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## DISCUSSION

Certain of Dewitt's claims are procedurally barred by the Statute of Limitations and her failure to exhaust her administrative remedies. Furthermore, she has not presented sufficient evidence to establish a *prima facie* case in support of her claims that she was terminated because of discrimination based on gender, and that Clean Harbors maintained a

hostile work environment. (Mot. for Summ. J., ECF No. 16 at ¶¶ 2-6.) These issues are addressed in turn below.

### I. Several of Plaintiff's Allegations are Barred by the Statute of Limitations

Title VII requires that "a plaintiff . . . file an administrative charge with the [United States Equal Employment Opportunity Commission (EEOC)] within 180 days of the alleged misconduct." 42 U.S.C. § 2000e-5(e)(1). This period is extended to three hundred days in a deferral state, one in which the state "proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). Maryland is a deferral state. Its deferral agency, the Maryland Commission on Human Relations, has a work sharing agreement with the EEOC. *Valderrama v. Honeywell Tech. Solutions, Inc.,* 473 F. Supp.2d, 658, 662 (D. Md. 2007). Therefore, "in this district, . . . 'a claim initially filed with the EEOC within [a] 300-day limit is considered timely filed under Section 2000e-5(e)(1)." *Artis v. U.S. Food Serv.,* No. CIV JKB-13-2870, 2015 WL 1514021, at *3 (D. Md. Apr. 2, 2015), *aff'd*, 632 F. App'x. 160 (4th Cir. 2016) (quoting *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004)). Here, Dewitt filed a Charge of Discrimination against Clean Harbors on April 25, 2013. (Def.'s Ex. D, ECF No. 16-5.) Accordingly, this Court may only consider facts that occurred within three hundred (300) days of April 25, 2013—that is after June 29, 2012.

Here, Dewitt makes several discrete allegations that are barred by the statute of limitations, including that: (1) she was disciplined for not attending two Hazardous Household Waste events on March 24, 2012 and June 9, 2012; (2) she was not given equal

6

accommodations for her childcare responsibilities;[4] (3) she was not given Hepatitis B vaccinations in May 2012; (4) Brooks refused to drive a company vehicle with her as passenger in May 2012; and (5) she was offended when by the gate code on her first day of work in 2011.[5] (Compl., ECF No. 1 at ¶¶ 14-18.) As these alleged activities occurred before June 29, 2012, they are barred from consideration.

### II. Several of Plaintiff's Allegations are Barred for Failure to Exhaust Administrative Remedies

Clean Harbors also asserts that Dewitt has failed to exhaust her available administrative remedies with respect to those sex discrimination and hostile work environment claims which have been timely filed. A court should dismiss such a discrimination lawsuit if the plaintiff has not exhausted required administrative remedies before bringing suit. *Chacko v. Patuxent Institution,* 429 F.3d 505, 508–09 (4th Cir. 2005). The exhaustion requirement ensures that the charged party receives notice of the claims it faces. *Chacko*, 429 F.3d at 510. A subsequent lawsuit thus must limit its claims to those included in the administrative charge, unless the non-exhausted claim is "reasonably related" to the claims described in the administrative charge. *Evans v. Technologies Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). *See also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013).

Here, Dewitt includes in her Complaint certain allegations which are not "reasonably related" to the allegations made in her Charge of Discrimination. Specifically, in the Charge

---

[4] Sixteen (16) of Dewitt's documented instances of tardiness or absence occurred prior to June, 29, 2012. (Def.'s Ex. 5A-5D.)

[5] Even if the gate code were considered to be a continuing violation, for the reasons stated below, this fact alone would not establish a *prima facie* case of hostile work environment.

of Discrimination, Dewitt alleges that she "was harassed and subjected to a hostile work environment by Male [sic] coworkers." (Def.'s Ex. A, ECF No. 16-2 at 26.) Dewitt points to examples including Brooks' refusal to drive a company vehicle with her as a passenger, and the allegedly offensive parking lot gate code. (*Id.*) However, in her Complaint, Dewitt raises new allegations that she was reprimanded for not attending two Hazardous Household Waste events and did not receive Hepatitis B vaccinations. (Compl., ECF No. 1 at ¶¶ 14-15.) Because these allegations were not included in the Charge of Discrimination, Dewitt has failed to exhaust her administrative remedies, and Dewitt may not rely on these allegations in support of her claim.

### III. Plaintiff Fails to Establish a *Prima Facie* Case of Discriminatory Termination Based on Sex

An employee establishes a *prima facie* case of race or sex discrimination under Title VII by showing that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007); *see also Prince–Garrison v. Md. Dep't of Health & Mental Hygiene*, 526 F. Supp. 2d 550, 554 (D. Md. 2007) (citing *McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000)). "The central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.'" *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md. 2007) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

It is undisputed that Dewitt is a member of a protected class and that she suffered an adverse employment action—termination. (Def.'s Ex. A, ECF No. 16-2 at p. 5.) Thus, the

questions before this court are (a) whether Dewitt's job performance was satisfactory, and (b) whether other similarly situated employees were treated more favorably.

### A. Plaintiff's Job Performance Fell Below a Satisfactory Standard

In support of its Motion, Clean Harbors has submitted undisputed evidence of Dewitt's frequent tardiness and absences from work. In her fourteen (14) month tenure, Dewitt arrived at work late or failed to show up to work at all thirteen (13) times. (Clean Harbors Memorandum, Def.'s Ex. 5F, ECF No. 16-2.) Additionally, Dewitt called in sick eight (8) times, often on short notice or after her scheduled time of arrival. (*Id.*; Def.'s Ex. 5A, ECF No. 16-2.) As a result of this conduct, Clean Harbors issued a verbal reprimand on April 27, 2012 and a written reprimand on June 11, 2012. (Def.'s Ex. B, ECF No. 16-3.) Clean Harbors also suspended Dewitt for one day in June 2012 and for two-days in July 2012. (*Id.*)

On October 10, 2012, Clean Harbors issued a "Last Chance Notification" to Dewitt, informing her that "[if her] attendance, which as a direct associate with [her] performance, does not improve; [sic] disciplinary action up to including termination will be taken." (Def. Ex. 5E, ECF No. 16-2.) Dewitt signed the Last Chance Notification acknowledging that she read and understood the document. (*Id.*) Only a few weeks after receiving the Last Chance Notification, Dewitt was tardy again, calling her supervisor fifty (50) minutes after her scheduled arrival time.[6] (Def.'s Ex. 5G, ECF No. 16-2.) Clean Harbors terminated Dewitt's employment the following day. (*Id.*)

---

[6] While Dewitt attributes her tardiness to her child care responsibilities, this has little bearing on whether Clean Harbors had a non-discriminatory basis on which to terminate her.

Even construing all evidence in the light most favorable to Dewitt, she has failed to produce any evidence that her work performance was satisfactory so as to avoid summary judgment.[7]

### B. Plaintiff Fails to Demonstrate that Other Co-Workers Received More Favorable Treatment

Even if Dewitt's job performance were satisfactory, she has not produced evidence showing that she was treated less favorably than her male co-workers. While Dewitt alleges that male employees were treated more favorably by Clean Harbors, none of these allegations are supported by evidence which would allow her to survive summary judgment. As a threshold matter, much of the evidence which Dewitt marshals to support the proposition that she was reprimanded for tardiness and absences while Clean Harbors made accommodations for her male co-workers occurred prior to June 29, 2012. Therefore that evidence is barred by the statute of limitations, as discussed above. (Compl., ECF No. 1 at ¶ 14.)

With respect to the remaining evidence, Dewitt alleges that she "had to wait for Brian Warren . . . [m]ore than once," and that Brooks was late "more than twice." (Def.'s Ex. A, ECF No. 16-2 at p. 55-57.) However, these accusations are based on her own casual conversations with other employees and her own "self-serving opinions." (*See* Def.'s Ex. A, ECF No. 16-2 at p. 105-6.) *Mackey v. Shalala*, 360 F.3d 463, 469-470 (4th Cir. 2004) (finding that a "[p]laintiff's own self-serving opinions, absent anything more, are insufficient to establish a *prima facie* case of discrimination").

---

[7] Nor does Plaintiff argue that her frequent tardiness was used by Clean Harbors as a mere pretext for her termination.

Even if Dewitt did provide sufficient evidence to support these claims, she still fails to demonstrate that other employees were treated differently for *similar* work performance issues. (Def.'s Ex. B, ECF No. 16-3 at ¶ 5.) The Fourth Circuit has held that "[i]t is axiomatic that '[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Tshibaka v. Sernulka*, 673 Fed. App'x. 272, 279 (4th Cir. 2016) (quoting *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008)). Given that Dewitt was cited more than twenty (20) times for tardiness and absences, her allegation that her co-workers were late merely a handful of times fails to establish the similarity and "seriousness of their respective offenses."

Next, Dewitt alleges that she was reprimanded for not attending two Hazardous Household Waste events on March 24, 2012 and June 8, 2012, and that Clean Harbors refused to provide her with a Hepatitis B vaccine, while scheduling a vacation for a male co-worker in May 2011. (Compl. ECF No. 1 at ¶ 10, 15-16; Mot. for Summ. J., ECF No. 17 at p. 4.) Both of these alleged instances of discrimination occurred before June 29, 2012, and are barred from consideration by the statute of limitations.

Considering the evidence properly presented in the light most favorable to the non-moving party, Plaintiff has failed to produce evidence sufficient to establish a *prima facie* case of sex discrimination. Accordingly, Clean Harbors is entitled to Summary Judgment.

This Court further notes that even if Dewitt's proffered evidence were not procedurally barred, she would still fail to show that she received less favorable treatment than her male colleagues. Dewitt provides no evidence that other male employers were not reprimanded for not attending the Hazardous Household Waste events other than her own

11

statement that "she was cognizant" that the male employees "were not reprimanded." (*Id.*) Additionally, contrary to Dewitt's allegation that she was not provided a Hepatitis B vaccination, Dewitt stated during her deposition that she did, in fact, receive two of the three scheduled vaccinations, but that she was terminated before being eligible to receive the third vaccination. (Def.'s Ex. A., ECF No. 16-2 at p. 138-43.) Additionally, Dewitt testified that Clean Harbors paid for the vaccinations and did not try to prohibit her from receiving the vaccinations. (*Id.* at 23.) Therefore, even if this evidence were not barred by the statute of limitations, Clean Harbors would still be entitled to Summary Judgment.

### IV. Plaintiff Fails to Establish a *Prima Facie* Case of Hostile Work Environment

Dewitt also contends that Clean Harbors subjected her to a hostile work environment based upon her sex. (Compl., ECF No. 1, ¶ 1.) Specifically, Dewitt alleges that Clean Harbors maintained a hostile work environment (i) by programing the parking lot gate code as "24824\*", which she asserts is a coded way of expressing the degrading phrase "bitch\*"; (ii) by treating her with indifference and hostility; and (iii) when Brooks refused to drive a company vehicle while she was a passenger. (Compl., No. 1 at ¶¶ 11, 14-18.)

However, as discussed above, much of Dewitt's evidence is barred by procedural defects. Dewitt's allegation that Brooks refused to drive the company vehicle with her as a passenger is barred as outside the scope of her Charge of Discrimination and also by the statute of limitations. (Compl, ECF No. 1 at ¶ 18; Def.'s Ex. A at p. 117.) Similarly, Dewitt's allegations regarding the parking lot gate code occurred starting in 2011, more than three (300) days prior to when Dewitt filed her Charge of Discrimination. (Def.'s Ex. A at 120,

124-25.) Therefore, this evidence is also barred by the statute of limitations.[8] Furthermore, any such allegedly hostile conduct was neither sufficiently pervasive nor severe so as give rise to liability under Title VII.

"In order to establish a *prima facie* case of hostile work environment harassment, a plaintiff must show: (1) that she was subjected to unwelcome conduct; (2) the unwelcome conduct was based on sex, race, color, national origin, or religion; (3) it was sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment; and (4) some basis exists for imputing liability to the employer." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 612 (D. Md. 2003), *aff'd,* 85 Fed. App'x. 960 (4th Cir. 2004*). See Baqir v. Principi*, 434 F.3d 733, 745–46 (4th Cir. 2006); *Diggs v. Bd. of Educ. of Baltimore Cty.*, RDB-14-715, 2015 WL 5604278, at *13 (D. Md. Sept. 23, 2015), *aff'd sub nom. Diggs v. Baltimore Cty. Pub. Sch.*, 654 Fed. App'x. 131 (4th Cir. 2016).

Whether an environment is hostile or abusive must be determined by evaluating the totality of the circumstances. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367 (1993). In making that determination, the Court applies a subjective and objective test wherein "a plaintiff must demonstrate not only that he subjectively perceived his workplace as hostile, but also that a reasonable person would perceive . . . that it was objectively hostile." *Fox v. GMC*, 247 F.3d 169, 178 (4th Cir. 2001) (internal citations omitted). In determining whether the harassing conduct was objectively severe or pervasive, "[r]elevant considerations may include the frequency of the discriminatory conduct; its severity; whether

---

[8] As discussed below, if this evidence were properly before this Court, it would not establish a *prima facie* case of hostile work environment.

13

it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001) (internal quotation omitted).

Here, Dewitt fails to present a triable issue of fact on her claim that Clean Harbors created a hostile work environment. The only remaining evidence that Dewitt cites in support of her allegation of a hostile work environment is that her co-workers treated her "with hostility and indifference." (Compl., ECF No. 1 at ¶¶ 11, 19.) However, Dewitt fails to produce any evidence beyond her own testimony that her co-workers allegedly indifferent treatment was based on her sex. It is well established that "[c]onclusory and hearsay evidence does not provide support sufficient to defeat a summary judgment motion." *Mungro v. Giant Food, Inc.*, 187 F. Supp. 2d 518, 523 (D. Md. 2002). Moreover, this evidence fails to demonstrate that that Clean Harbors maintained an "objectively severe or pervasive" hostile environment so as to give rise to liability under Title VII. Accordingly, Clean Harbors is entitled to Summary Judgment on Dewitt's hostile work environment claim.

Even if the other evidence on which Dewitt relies were not procedurally defective, Clean Harbors would still be entitled to Summary Judgment. Dewitt places great emphasis on the allegedly offensive gate code. However, the Fourth Circuit has ruled that even directly referring to an employee by an even more egregious epithet[9] does not establish a Title VII violation without being "coupled with other probative evidence." *Lacy v. Amtrak*, 205 F.3d 1333, *3 (4th Cir. 2000) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). The

---

[9] In *Lacy*, the Fourth Circuit found that a supervisor directly referring to an employee as "a 'black bitch,' is not, in itself, actionable." *Lacey*, 205 F.3d at *3; *see also Meritor Sav. Bank, FSB v. Vison*, 477 U.S. 57, 67 (1986) (finding that the "'mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee,' does not sufficiently affect the conditions of employment to implicate Title VII").

14

gate code, while inappropriate, would fail to demonstrate that Clean Harbors subjected her to a hostile work environment.

Furthermore, Dewitt's has provided no evidence, other her own testimony, that Brooks' refusal to drive in the company vehicle with her was based on her sex. *See Mungro,* 187 F. Supp. 2d at 523. Even if Dewitt did present evidence to support such claims, these discrete facets of her employment would not be sufficiently pervasive or severe to demonstrate the Clean Harbors maintained a hostile work environment. Accordingly, even if the Court could consider all of the evidence marshalled by Dewitt, Clean Harbors would still be entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED, and summary judgment will be ENTERED in favor of Defendant on all counts.

A separate Order follows.

Dated: July 21, 2017 \_\_\_\_/s/_____
Richard D. Bennett
United States District Judge